IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RAHMIN WARNER,

    Plaintiff,

vs.

SHELL MART 3609, LLC,
a Florida Limited Liability Company, and
SADHAN SARKAR, an individual, jointly
and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, RAHMIN WARNER, sues Defendants, SHELL MART 3609, LLC and SADHAN SARKAR, and shows:

### Introduction

1. This is an action by RAHMIN WARNER against his employers for unpaid overtime and unpaid minimum wages pursuant to the Fair Labor Standards Act and the Florida Minimum Wage Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. Counts I of this action arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Count II of this action arises under the Florida Minimum Wage Act ("FMWA"), Florida Statutes §448.110. The Court has jurisdiction over Count I pursuant to 29 U.S.C. § 216(b) and supplemental jurisdiction over Count II pursuant to 28 U.S. Code § 1367.

3. The claims arose within the Southern District of Florida, which is where venue is proper.

## Parties and General Allegations

4. Plaintiff, RAHMIN WARNER, (hereinafter "WARNER") a resident of Okeechobee County, Florida, was at all times material, employed by SHELL MART 3609 LLC, as a gas station convenience store clerk, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with SHELL MART 3609 LLC, was engaged in commerce or in the production of goods for commerce.

5. Defendant, SHELL MART 3609 LLC, doing business as Shell Mart (hereinafter, "Shell Mart"), is a Florida Limited Liability Company with headquarters in Coral Springs, Florida, doing business in Okeechobee, Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207 and the FMWA.

6. Defendant, SADHAN SARKAR ("hereinafter, "SARKAR"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant Shell Mart. SARKAR determined WARNER's work schedule, job duties, rate of pay, and generally controlled the terms and conditions of his employment. Thus, SARKAR and Shell Mart are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

7. Plaintiff WARNER, since December 29, 2021 to the present, worked as a store clerk and was initially paid $9 per hour. While Defendants recently increased WARNER's

rate from $9 to $10 per hour sometime in early March 2022, which is the current Florida minimum wage, WARNER worked several hours and was only paid the $9 rate.

8. Despite working more than 40 hours during several weeks of his employment, Plaintiff WARNER was only paid his straight time rate, even for overtime hours.

9. The failure to pay minimum wages and overtime compensation to WARNER is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he was an hourly waged employee and was neither a bona fide executive, administrative nor professional employee.

### Count I – Violation of FLSA by all Defendants – Overtime

10. Plaintiff, RAHMIN WARNER, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 9 above.

11. Since on or about December 29, 2021, up to and including the present, Defendant Shell Mart has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically WARNER, during his employment, worked in excess of 40 hours a week during several weeks of his employment as outlined above, but was not compensated for all overtime hours at one and one-half times his regular rate:

12. WARNER is entitled pursuant to 29 U.S.C. § 216(b), to recover from Shell Mart and SARKAR:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, RAHMIN WARNER, prays that this court will grant judgment against Defendants Shell Mart and SARKAR:

    a.    awarding WARNER payment of overtime compensation found by the court to be due to him under the Act;

    b.    awarding WARNER an additional equal amount as liquidated damages;

    c.    awarding WARNER his costs, including a reasonable attorney's fee; and

    d.    granting such other and further relief as is just.

### Count II – Violation of the FMWA by All Defendants

13.    Plaintiff, WARNER, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 9 above.

14.    WARNER worked for Shell Mart for several weeks and was only paid $9 per hour, which is less than the Florida minimum wage.

15.    Defendants' failure to pay WARNER violates the Florida Minimum Wage Act, Florida Statutes 448.110 by not paying him at least a minimum wage.

16.    WARNER is entitled pursuant to the FMWA to recover from both Defendants:

    a.    The applicable minimum wage in effect in Florida for all hours worked without receiving compensation;

    b.    As liquidated damages, an amount equal to the unpaid minimum wages he is owed;

    c.    The costs of this action, and;

    d.    A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a.    Enter judgment for WARNER and against both Defendants on the basis of their willful violations of the FMWA;

      b.      Award WARNER actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

      c.      Award WARNER an equal amount in liquidated damages;

      d.      Award WARNER reasonable attorneys' fees and costs of suit; and

      e.      Other such relief as this Court deems just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: March 30, 2022
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*